Prudden *v.* Lindsley.

TIMOTHY II. PRUDDEN, appellant,

and

OSCAR LINDSLEY and others, respondents.

29  615.
56L  21

1. Trustees, who are the legal owners of land in fee, may dedicate the land to public uses not inconsistent with the trust.

2. An adverse public user, for the purposes of a highway, of land so held in trust, continuing for twenty years, will establish the highway against both trustees and *cestuis que trust*, whether consistent with the trust or not, and although the trust be for the benefit of a portion of the public.

3. When the verdict of a jury, upon an issue framed in chancery, is set aside, the cause cannot be finally decided upon the proofs offered at the jury trial. Ordinarily, such evidence is before the chancellor only for determining what weight should be given to the verdict.

On appeal from a decree of the chancellor, reported in *Prudden* v. *Lindsley*, 1 *Stew.* 378.

*Mr. J. R. Emery* and *Mr. H. C. Pitney*, for appellant.

*Mr. George T. Werts*, for respondents.

DIXON, J.

The complainant in this cause filed his bill against the defendants, trustees of school-district No. 72, in the county of Morris, to perpetually enjoin them from constructing a school-house upon a strip of land which, he alleged, was a public highway, and by means of which access was had to his shop and barn. On the return of a rule to show cause, the answer of the defendants was filed, denying the existence of the highway, but an injunction *pendente lite* was granted. Thereupon, on motion of the defendants, an issue was framed to try, before a jury of Morris county, the fact so disputed. At that time the complainant obtained a verdict, on the coming in of which the defendants moved to set the

same aside, for the reason that the title of the premises in controversy was such that no legal highway could be established thereon, either by user or by express dedication, the only modes relied on by the complainant for its creation. The defendant's view was adopted by the chancellor, and the bill was, therefore, dismissed. From such dismissal this appeal is taken.

The *locus in quo* has, since September 13th, 1813, been held under a deed of that date, made by Jacob Allen and Zophar Freeman and others, " trustees chosen by a meeting of the inhabitants of Green Village and vicinity for the purpose of purchasing a lot of land for the use of the school in Green Village," by which deed sixty-two hundredths of an acre of land were conveyed to the trustees in fee, " to be appropriated, used or made use of or occupied for the use of the school in Green Village, or the building of a school-house, if it should be required to be put to that use, * * to be kept for the use of the school in Green Village as long as grass grows and water runs." Under this conveyance the defendants claim title by virtue of an act of the legislature approved March 14th, 1875 (*P. L.* p. 415). Over one side of this tract the complainant insists that the trustees have created the highway contended for, by their positive and unequivocal acts of dedication. Whether those acts can legally have such effect, is one of the questions to be considered.

The trustees are the legal owners of the land, but, as the purposes for which they own it are expressed in the deed by which they hold the title, their acts cannot be allowed to violate the trust. That trust, however, is of a somewhat indefinite character, and, therefore, a discretion is vested in the trustees as to the mode in which it may be best subserved; and within the range of this discretion their acts are lawful and binding. These plain principles, so easily stated, but perhaps not so easily applied, are the criteria for testing the power to dedicate. If the highway, claimed by by the complainant, could be laid out by the trustees in fur-

therance of their trust, then their dedication is valid. *Rex* v. *Leake*, 5 *B. & Ad.* 469.

It cannot be asserted, as a principle of law, that the devotion of part of a school plot to the purposes of a highway, is inconsistent with the trusts impressed upon it, for, manifestly, circumstances may be imagined where a public road would be convenient, or even necessary, for the enjoyment of the school; and, therefore, the question whether such dedication can be made, is one of fact, to be determined by the conditions of each case.

In the present suit, this question of compatibility received no consideration whatever at the trial before the jury. The power of the trustees to dedicate was not there controverted, and the jury was accordingly instructed that if the trustees, by certain of their acts, intended to dedicate the lands for the purpose of the passage of the public, they could not afterwards revoke their act, and a valid dedication would arise. A verdict founded on this direction the chancellor would be justified in setting aside. He, however, went further, and adjudged that the alleged dedication was incompatible with the purposes expressed in the deed, and dismissed the bill. If he reached this adjudication as a conclusion of law, then, as already intimated, I think he was in error; if as a conclusion of fact, then, it seems to me, he was putting to an unauthorized use the evidence offered at the circuit. That evidence was not before him, except collaterally, to be used in determining what weight was to be given to the verdict; it was not evidence upon the final hearing. *Black* v. *Shreve*, 2 *Beas.* 455, 466.

Doubtless the chancellor might properly order the proofs offered before the jury to stand as testimony in the cause, but it would not be fair to the party who had secured the verdict, to regard those proofs as comprising all the evidence which he should be allowed to produce, as to a matter of fact not actually disputed in the forum of litigation. And yet this must be done, before it can be concluded at this stage of the suit that the grant of the land

for a highway was inconsistent with the purposes of the trust. If the verdict is not warranted by the proofs upon all the points which should have been decided in the issue, then the parties should be permitted to bring in their evidence on the points not so settled, the verdict standing as conclusive upon the other points, or the verdict should be set aside and all points be thrown open to controversy. But, if the verdict be vacated, then the cause is not ripe for decision upon disputed questions of fact. For this reason, therefore, I think the dismissal of the bill was erroneous.

But there is another ground on which the complainant bases his claim—viz., that, by adverse user for over twenty years, the public has acquired the easement of a highway, notwithstanding the trusts created by the deed. The defendants, on the contrary, insist that such a user would be ineffectual to impair those trusts. This contention, also, the defendants made for the first time on the motion to set aside the verdict. At the trial they had confined their efforts to a denial of the fact of user. In the chancellor's view, the evidence of this fact seems not to have been satisfactory. If it is not (and this question was not discussed and is not decided in this court), the verdict may be vacated for this cause, and the matter thrown open for further litigation, unless the defendants' claim as to the law is well founded. I think, however, they are in error here, also. The effect of twenty years' adverse user by the public, is very sweeping upon all claims that are capable of being asserted against it. Said Judge Story : " By our law, upon principles of public convenience, the term of twenty years of exclusive, uninterrupted enjoyment, has been held a conclusive presumption of a grant or right. * * The presumption is applied as a presumption *juris et de jure,* wherever, by possibility, a right may be acquired in any manner known to the law." *Tyler* v. *Wilkinson,* 4 *Mason C. C.* 397.

A stranger, by an adverse possession as against a trustee, continued for the requisite period of time, may bar both the legal estate of the trustee and the equitable interest of the

Prudden *v.* Lindsley.

*cestui que trust.* 3 *Wash. on Real Property* 163. Even the sovereign, it is said, may be bound by long acquiescence in public user. *Queen* v. *East Mark*, 11 *Ad. & E. (N. S.)* 877; *New Orleans* v. *United States*, 10 *Pet.* 662.

Although, therefore, the legal owners of the land in the present case were trustees, that would not stay the force of the user on the claims of the *cestuis, que trust.* As a failure on the part of the legal owner to assert his right at law during the twenty years of obstruction would conclusively establish against him a grant to the public, so a like failure of the equitable owners to assert their right in a court of equity would conclusively establish the grant against them. That the original trusts were in favor of the public, or a part of it, cannot prevent the effect of the prescription. The power of the public to impress a particular use on its own property would seem to be less deniable than its power so to affect private estates. If the earlier and the later public easements are consistent, then the first interposes no obstacle to the acquisition and enjoyment of the second; if they are inconsistent, the use of the one and disuse of the other continuously for twenty years, must indicate the public election which to enjoy, until the legislature interferes. Perhaps, where the easement is created by public act of the legislature, no inconsistent public right can arise without legislative sanction. Such was the view expressed in *Rex* v. *Leake, ubi supra.* But, in the present case, the trusts resulted from the acts of merely private persons, and no reason exists for holding them to be superior to the ordinary public power of suspension or modification. In my judgment, therefore, an uninterrupted and adverse public use of the highway for over twenty years would establish the easement, notwithstanding the prior trusts.

For these reasons, the decree of dismissal should be reversed, and the cause remitted for further proceedings in the court below.

Decree unanimously reversed.